UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JACOB L. PRAWAT,

    Plaintiff,

    v.

JOHN T. BOYD, et al.,

    Defendants.

CAUSE NO. 3:19CV1098-PPS/MGG

OPINION AND ORDER

Jacob L. Prawat, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Prawat alleges that nurses at the LaPorte County Jail have refused to treat him for hepatitis C. Prawat names as defendants LaPorte County Sheriff John Boyd, Captain Ott, and Sergeant Wilcher, and he seeks money damages. To

establish an Eighth Amendment claim for inadequate medical treatment, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). However, "[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Because Prawat does not explain how the named defendants were personally involved with the refusal to treat his hepatitis C, he does not state a valid claim against any of them.

Though Prawat cannot proceed on this complaint, he may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. He must describe his interactions with each individual defendant in detail, including names, dates, and location, and must explain how each defendant was responsible for harming him.

**ACCORDINGLY:**

(1) DIRECTS the clerk to send Jacob L. Prawat a copy of the court's form for a Prisoner Complaint (INND Rev. 8/16);

(2) GRANTS Jacob L. Prawat until <u>January 6, 2020</u>, to file an amended complaint; and

(3) CAUTIONS Jacob L. Prawat that, if he does not respond by that deadline, this case will be dismissed without further notice.

**SO ORDERED** on December 9, 2019.

                                            /s/ Philip P. Simon
                                            JUDGE
                                            UNITED STATES DISTRICT COURT